UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMETRIUS MONTGOMERY,

       Plaintiff,                                     Case Number 2:18-cv-13528

v.                                               Honorable Sean F. Cox

WALTER WHITE and ROBERT
KILLEWALD,

       Defendants.

_____/

## ORDER SUMMARILY DISMISSING CASE

Plaintiff Demetrius Montgomery, an inmate at the Washtenaw County Jail, has filed a pro se complaint pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff's application to proceed in forma pauperis, and he is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration of the complaint, the court summarily dismisses the case.

## A. Background

The complaint names two defendants, Walter White and Robert Killewald. The complaint alleges that White and Killewald are attorneys representing plaintiff in his state court criminal case. Plaintiff asserts that defendants are inadequately representing him in his criminal case. The complaint seeks a new preliminary examination, an order compelling defendants to perform certain actions in plaintiff's criminal case, and the appointment of new counsel.

## B. Discussion

Civil complaints filed by a pro se prisoner are subject to the screening requirements of 28

1

U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Attorneys representing clients in criminal actions do not act under color of law for § 1983 purposes. *Polk County v. Dodson*, 454 U.S. 312 (1981). Defendants were not acting under color of state law in acting as plaintiff's attorney during state criminal proceedings. Accordingly, plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

## C. Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). See *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.

**SO ORDERED**.

Dated:  December 3, 2018                    s/Sean F. Cox_____
                                           Sean F. Cox
                                           U. S. District Judge


I hereby certify that on December 3, 2018, the foregoing document was served on counsel of record via electronic means and uponDemetrius Montgomery via First Class mail at the address below:

Demetrius Montgomery
145893
WASHTENAW COUNTY JAIL
2201 Hogback Road
Ann Arbor, MI 48105

                                           s/J. McCoy_____
                                           Case Manager